FLNB LF 13-21 (Rev. 05/21)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:  Case No. 22-10020-KKS
Chapter 13

OTTO ATKINS

| X Check if this is an AMENDED PLAN Fifth Amended |
|---|

Debtor(s)[1]

# CHAPTER 13 PLAN

**PART 1: NOTICES**

*To Creditors:    Your rights may be affected by this plan.*

You should read this plan and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation prior to the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. **The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.** *Creditors who are not individuals (i.e.: corporations, LLC's, etc.) must have an attorney in order to have their objections considered by the Court.* **Creditors must file a timely proof of claim in order to be paid under any plan.**

*To debtor: You must check one box on each line to state if the plan includes the following items. If an item is checked as "Not included," or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included<br>X Not included |
|---|---|---|
| 1.2 | Debtor intends to avoid a judicial lien or security interest; see § 3.4. | ☐ Included<br>X Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | X Included<br>  Not included |

**PART 2: PLAN PAYMENTS AND PLAN LENGTH**

2.1 **Payments to the Trustee**: The future earnings or other future income of the debtor are submitted to the supervision and control of the trustee. The debtor (or the debtor's employer) shall pay to the trustee the sum of $____965_____ per month for __39_____ months; and [if applicable] then $_____ per month for _____ months. *[Add additional language if necessary]*
**Total base of plan payments**: $ ___37,635.00_____.

**Payments shall be mailed to the Chapter 13 Trustee at**: Leigh Duncan Glidewell, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101-2238

---

[1] *All references to "debtor" shall include both debtors in a joint case.*

**Plan Length**:  The term of the plan is ___39___ months.

2.2 **Tax Refunds:**  Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term, **unless otherwise provided in Part 8.**

2.3 **Additional Payments** (check one):
 X   None
 ☐   Debtor shall make additional payments as follows: _____
 _____

## PART 3: TREATMENT OF SECURED CLAIMS

Unless otherwise ordered by the Court, the claim amount(s), including the value of a secured claim, stated on a timely filed proof of claim will control over any contrary amount listed below.  In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

3.1 **Secured Debts Which Will Extend Beyond the Length of the Plan**
 X   None
 ☐   To be disbursed by the trustee during the plan:

| **Name** | **Amount of Claim** | **Monthly Payment** | **Interest Rate (if specified)** |
|---|---|---|---|
| | | | |

*[Add additional lines, if necessary]*

3.2 **Secured Debts Which Will Not Extend Beyond the Length of the Plan**

 (a) **Secured Claims Subject to Valuation Under 11 U.S.C. § 506.**
  X   None
  ☐   Each of the following secured claims shall be paid through the plan as set forth below, until the secured value, as determined by the bankruptcy court, or the amount of the claim, whichever is less, has been paid in full.  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim.  ***The debtor must file a proper motion or notice if any secured claim is to be paid less than the amount shown on a timely filed proof of claim.***

 Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| **Name** | **Proposed Total Amount of Secured Claim** | **Interest Rate (if specified)** |
|---|---|---|
| | | |

*[Add additional lines, if necessary]*

 (b) **Secured Claims Not Subject to Valuation Under 11 U.S.C. § 506.**
  ☐   None
  X   Each of the following secured claims shall be paid through the plan as set forth below until the amount of the claim has been paid in full.

| **Name** | **Amount of Secured Claim** | **Interest Rate (if specified)** |
|---|---|---|
| Turkey Creek Master Homeowner's Association | $5,523.75 | 0 % |

*[Add additional lines, if necessary]*

(c) **Determination of Secured Status and Strip Lien (11 U.S.C § 506).**
  X   None
  ☐   The debtor intends to strip the lien(s) of each creditor listed below, and pay the claims as unsecured in accordance with Part 5, below.  (***This provision requires that the debtor file a separate motion.***)

| **Name** | **Amount of Claim** | **Description of Property** |
|---|---|---|
|  |  |  |

*[Add additional lines, if necessary]*

**3.3 Prepetition Defaults**
  X   None
  ☐   Prepetition defaults owed to the following creditor(s) will be cured over the plan term, and payment of arrearages under this plan shall conclusively constitute payment of all pre-petition arrearages:

| **Name** | **Amount of Default Cured** | **Interest Rate (if specified)** |
|---|---|---|
|  |  |  |

*[Add additional lines, if necessary]*

**3.4 Motions to Avoid Lien**
  X   None
  ☐   The debtor intends to avoid a judicial lien or nonpossessory, nonpurchase-money security interest held by each of the creditors listed below. (***This provision requires that a separate motion be filed by the debtor.***)

| **Name** | **Amount of Claim** | **Nature of Lien to be Avoided** |
|---|---|---|
|  |  |  |

*[Add additional lines, if necessary]*

**3.5 Direct Payments to Creditors**
  ☐   None
  X   The debtor shall make regular payments directly to the following creditors:

| **Name** | **Amount of Claim** | **Monthly Payment** | **Interest Rate (if specified)** |
|---|---|---|---|
| Truist Bank | $87,910.64 | $1,534.25 | Contract Rate |
| Truist Bank | $9,921.02 | $252.33 | Contract Rate |
| Renew Financial Group, LLC as Program Administrator for Florida Green Authority | $4,251.07 | Annual Payment of $2,346.70 | 6.75% |

The annual payment is made through the Alachua County Tax Collector's Office as part of the Debtor's annual property tax bill.

Turkey Creek Master Owners Association, Inc.

3

> Post-petition maintenance fees of $205 per quarter at no interest. And, post-petition special assessment fees of $35.31 per quarter at no interest.

The Debtor shall pay the ongoing, post-petition maintenance fees of $205 per quarter and the ongoing, post-petition special assessment fees of $35.31 per quarter directly to the Turkey Creek Master Owners Association, Inc.

**Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the *in rem* rights of the creditors whose secured claims are being paid direct by the debtor in § 3.5, above.**

3.6 **Property to be Surrendered**
   ☐ None
   X  The debtor surrenders the following property. Upon confirmation of this plan the stay under 11 U.S.C. § 362(a) shall be terminated as to the collateral only and the stay under § 1301 shall be terminated in all respects. Any creditor whose collateral is being surrendered may be entitled to an allowed unsecured claim, to be treated in Part 5 below. Certain Local Rules may apply to creditors whose claims are secured by property being surrendered.

| Name | Amount of Claim | Description of Property |
|---|---|---|
| Lando Resorts Corporation a/k/a RCI North America | $0 | Vacation Village at Parkway |

*[Add additional lines, if necessary]*

**PART 4: TREATMENT OF TRUSTEE'S FEES, ATTORNEYS' FEES AND OTHER PRIORITY CLAIMS, INCLUDING DOMESTIC SUPPORT OBLIGATIONS**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4(c), will be paid in full without post-petition interest.

4.1 **Trustee's Fee:** Trustee's fees are governed by statute and will be paid through the plan. Trustee's fees may change during the course of the case.

4.2 **Attorney's Fee** (unpaid portion): $_____1,500.00_____ (fees) $_____ (costs)
   Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order(s) of this Court, the debtor shall file all required annual statements. Debtor's attorney may seek additional fees for filing required annual statements; if the plan is modified due to an increase in income shown on an annual statement, the debtor's attorney may seek additional fees for the plan modification. No advanced notice or opportunity to object to these fee applications will be given.

4.3 **Filing Fee** (unpaid portion): Any unpaid portion of the filing fee will be paid in accordance with the order granting the debtor's application to pay the filing fee in installments.

4.4 **Domestic Support Obligations**
   X  Debtor has no Domestic Support Obligations
   ☐  Debtor owes Domestic Support Obligations

   (a) Debtor is required to pay all domestic support obligation(s) that become due after the filing of the petition directly to the holder of the claim.

4

(b) The non-governmental holder(s) of any domestic support obligation(s) and the proposed payment of their claims are listed below:

| Claimant | Amount of Claim | Payment |
|---|---|---|
|  |  |  |

*[Add additional lines, if necessary]*

(c) The following domestic support obligations are assigned to, owed to, or recoverable by a governmental unit, and may be paid differently than domestic support obligations owed to private parties:

Claimant and proposed treatment: _____

4.5 **Other Priority Claims**
   X   None

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
|  |  |  |

*[Add additional lines, if necessary]*

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

5.1 **General Nonpriority Unsecured Claims**
Allowed nonpriority unsecured claims that are not separately classified in Part 5.2 will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

   X  A total of $_____24,977.60_____.
   X  __100_____% of the total amount of these claims, an estimated payment of $24,977.60_.
   X  Funds remaining after disbursements have been made to all other creditors provided for in this plan. Allowed nonpriority unsecured claims shall be paid interest to the extent available, not to exceed 6%, unless otherwise provided in Part 8.

5.2 **Separately Classified Nonpriority Unsecured Claims**
   X None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

| Name | Basis for Separate Classification | Amount to be Paid | Interest Rate (if specified) |
|---|---|---|---|
|  |  |  |  |

*[Add additional lines, if necessary]*

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**The executory contracts and unexpired leases listed below are assumed. All other executory contracts and unexpired leases are rejected.** *Check one.*
   X   None. *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
   ☐   The following executory contracts are assumed:

| Other Party | Description of Contract or Lease |
|---|---|
|  |  |

*[Add additional lines, if necessary]*

## PART 7: STANDARD PLAN PROVISIONS

7.1 Title to the debtor's property shall re-vest in debtor on confirmation of a plan or dismissal of the case, unless otherwise provided in Part 8, provided that proceeds from any potential or pending cause of action or other asset not yet liquidated, are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

7.2 Except as provided above, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

7.3 Secured creditors and lessors to be paid directly by the debtor and/or co-debtors may continue to mail to debtor the customary monthly notices or coupons notwithstanding the automatic stay.

## PART 8: NONSTANDARD PLAN PROVISIONS

    None

X   Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box labeled "Included" in Part 1.3.*

Mortgage payments will change in accordance with Notice(s) of Mortgage Payment Change as filed.

*[Add additional lines, if necessary]*

## PART 9: SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY

If the debtor does not have an attorney, the debtor must sign below; otherwise, the debtor's signature is optional. The attorney for the debtor, if any, must sign below.

**DATED** this 2nd day of December 2022.

/s/ Barbara A. Cusumano
Barbara A. Cusumano, Esq.
Florida Bar No. 0964859
Attorney for the Debtor
2727 NW 43rd Street, Suite 2A
Gainesville, FL 32606
(352) 379-2828

Email: Barbara@BarbaraDebtLaw.com

**By filing this document, the debtor, if not represented by an attorney, or the attorney for the debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form adopted by this Court effective on the date of signing, other than any nonstandard provisions included in Part 8.** (www.flnb.uscourts.gov/sites/default/files/forms/lf13_21.pdf)